IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Christopher Richards, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13cv1472 (CMH/JFA) |
| | ) | |
| William Muse and Harold W. Clarke, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

Christopher Richards, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his rights to due process and equal protection when they determined that he was ineligible for discretionary parole. On June 16, 2014, defendants filed a Motion for Summary Judgment with a supporting memorandum and exhibits, and provided plaintiff with the notice required by Local Rule 7(k) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Dkt. 15-17. On June 20, 2014, plaintiff submitted his Response and Objection to Defendant's Motion for Summary Judgment, with additional exhibits. Dkt. 18-19. By Order dated August 14, 2014, plaintiff's Motion to Amend/Correct the complaint was granted, and defendants filed their response to plaintiff's motion on August 28, 2014. Dkt. 28. Plaintiff filed a reply on September 12, 2014. Dkt. 34. Meantime, plaintiff noticed an appeal of the Order of August 14, 2014, in which his motions for discovery and appointment of counsel were denied. In an unpublished opinion issued on January 27, 2015, the appeal was dismissed for lack of jurisdiction, Richards v. Muse, Case No. 14-7343 (4th Cir. Jan. 27, 2014), and the mandate issued on February 18, 2015. Accordingly, defendants' Motion for Summary Judgment is now ripe for disposition. For the reasons which follow, defendant's motion for

summary judgment will be granted.

## I. Background

Plaintiff is an inmate committed to the Virginia Department of Corrections ("VDOC"). The events that resulted in his incarceration occurred on August 19, 1985. On the morning of that date, plaintiff and a codefendant approached two men in a car. One of the men got out and was told to hand over his wallet. As he did so he heard a gunshot, and Richards and the codefendant ran away. The man still seated in the car was shot and drove off, but was deceased when the police found him in the car a block and half away. Plaintiff admitted he was present when the shot was fired, and the gun used to kill the victim was retrieved from plaintiff. Based on this incident, plaintiff was convicted of murder in the Circuit Court for the City of Richmond on January 28, 1986, and was sentenced to serve 20 years in prison. He also received a consecutive sentence of two years for unlawful use of a firearm. Def. Att. 2, Aff. of Wendy K. Brown, ¶ 6.[1]

Sometime on August 19, 1985, plaintiff and a codefendant entered a 7-Eleven store in Chesterfield County, Virginia. The codefendant went to the rear of the store while plaintiff pulled a gun on the store clerk and forced him to get around $80.00 out of the cash register. Based on this event, plaintiff was convicted of robbery in the Chesterfield County Circuit Court on March 27, 1986, and received a sentence of 15 years incarceration, to be served consecutively. He also was sentenced to a consecutive term of four years for unlawful use of a firearm. W. Brown Aff. ¶ 7.

---

[1] Wendy Brown is the Legal Services Community Release Manager for VDOC, and in that capacity she manages the Court and Legal Services Section which is responsible for offenders' time computation records. W. Brown Aff. ¶ 1.

Also in the morning hours of August 19, 1985, plaintiff and his codefendant entered another 7-Eleven store, this time in Richmond, Virginia. Plaintiff demanded a victim's money and car keys at gunpoint, and was given around $300.00. Plaintiff and the codefendant left the store parking lot in the victim's vehicle and were stopped by police after traveling only a block. A .22 caliber pistol was taken from plaintiff's pocket. This incident result in plaintiff's conviction of robbery in the Circuit Court for the City of Richmond on April 4, 1986, and the imposition of a 30-year consecutive sentence. He received consecutive sentences of four year and five year for unlawful use of a firearm and grand larceny auto, respectively. W. Brown Aff. ¶ 8.

Plaintiff was received by VDOC on June 11, 1986, to begin service of his total sentence of 80 years, one month and 30 days. W. Brown Aff. ¶ 9; K. Brown Aff. ¶ 5.[2] On August 25, 1986, VDOC's Court and Legal Services determined that plaintiff would be ineligible for discretionary parole on all of his convictions that occurred on or after July 1, 1982. The determination was based on the facts that a gun was presented during each of the three qualifying crimes - the two robberies and the murder. In addition, the qualifying crimes all involved different victims and amounted to three separate robbery and murder offenses that were not part of a common act, transaction or scheme.[3] W. Brown Aff. ¶ 11.

Plaintiff was notified of the determination that he was parole ineligible on August 25,

---

[2] Affiant Karen Brown is the Chair of the Virginia Parole Board. K. Brown Aff. ¶ 2.

[3] Virginia Code § 53.1-151(B1) provides that "[a]ny person convicted of three separate felony offenses of (i) murder, (ii), rape, or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivision (i), (ii), (iii), when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole."

1986. W. Brown Aff. ¶12. On January 4, 1995, he appealed VDOC's discretionary parole ineligibility ruling to the Virginia Parole Board. K. Brown Aff. ¶ 6; W. Brown Aff. ¶ 12. On June 5, 1995, the VPB upheld VDOC's determination. K. Brown Aff. ¶ 6, Enc. B; W. Brown Aff., ¶ 12, Enc. B.

In addition to appealing the Board's determination of his parole ineligibility, plaintiff sent letters to the Board in January 1999, January 2001, April 1995, February 2009, and August 2009. K. Brown Aff. ¶ 7. The Board sent responses to plaintiff in August 2005, January 2010 and March 2012. In the latest letter, plaintiff was informed that in accordance with the policies and procedures of the Virginia Parole Board, he was entitled to only one review of VDOC's determination of his parole status unless significant information not previously considered by the Board was present. K. Brown Aff. ¶ 7, Enc. C.

Plaintiff filed this action pursuant to § 1983 on November 13, 2013, alleging that defendants violated his rights to due process and equal protection when they deemed him ineligible for discretionary parole.[4] The named defendants are Harold Clarke, the Director of VDOC, and William Muse, former Chairman of the VPB. In addition, while the VPB has not been named as a defendant, claim five of the complaint alleges that it acted in an unconstitutional manner in denying plaintiff's appeal of his parole ineligible status. Plaintiff seeks an award of compensatory and punitive damages.

---

[4] As defendants note, a state prisoner's eligibility for parole is a question of state law not subject to federal review. Ramdass v. Angelone, 187 F.3d 396, 407 (4th Cir. 1999). However, a federal court does have jurisdiction under § 1983 to consider claims of constitutional irregularities occurring during the process of determining state parole eligibility. Franklin v. Shields, 569 F.2d 784, 789 (4th Cir. 1977).

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. " [T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact

finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Plaintiff's Claims are Time-Barred

Defendants make a number of arguments in support of their motion for summary judgement. Dispositive among them is the threshold contention that plaintiff's claims that defendants violated his constitutional rights are time-barred. There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Virginia has a two-year statute of limitations for personal injury claims under Va. Code. Ann. § 8.01-243(A), which is the applicable statute of limitations in this action. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991). Additionally, federal courts are "obligated not only to apply the analogous state statute of limitations to federal constitutional claims brought under § 1983, but also to apply the State's rule for tolling that statute of limitations." Scoggins v. Douglas, 760 F.2d 535, 537 (4th Cir. 1985) (citing Board of Regents v. Tomanio, 446 U.S. 478, 484-86 (1980)); see also Hardin v. Straub, 490 U.S. 536, 538 (1989) ("Courts thus should not unravel state limitations rules unless their full application would defeat the goals of the federal statute at issue.").

While the limitation period is borrowed from state law, "the question of when a cause of action accrues under 42 U.S.C. § 1983 remains one of federal law." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citing Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975)). Causes of action accrue under federal law when the plaintiff "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. (citing United States v. Kubrick, 444 U.S. 111, 122-24(1979)).

Claims 1 and 2: In his first and second claims, plaintiff alleges that defendant Harold W. Clarke, the director of VDOC, violated his rights to due process and equal protection by determining that plaintiff was ineligible for discretionary parole. Here, based upon the evidence supplied by the parties, VDOC determined that plaintiff was ineligible for parole on August 25, 1986, and notified plaintiff of its decision by Legal Update to his assigned institution on that same date. W. Brown Aff. ¶¶ 11-12. In the complaint, plaintiff contends he "was not put on notice of [VDOC's ineligibility ruling] until some five years later." Compl. ¶ 12. Assuming that plaintiff's assertion is accurate, he became aware of his ineligibility for discretionary parole sometime in 1991, so his present claims thus accrued at that time. Cox, 529 F.2d at 50. Since this action was filed in November, 2013, approximately 22 years after the claims against defendant Clarke accrued, those claims are time-barred.

Claims 3 through 5: In his third and fourth claims, plaintiff alleges that defendant William Muse, the chairman of VPB, violated plaintiff's rights to due process and equal protection by deeming him ineligible for discretionary parole, and by doing so on the basis of a grand larceny conviction as grand larceny is not a predicate offense for that status pursuant to Va. Code § 53.1-151(B1). In claim five, plaintiff contends that the VPB abused its discretion and acted in an arbitrary and capricious manner by determining him to be ineligible for discretionary parole.

The evidence submitted by defendants demonstrates that the VPB notified plaintiff in a letter dated June 5, 1995 that it had upheld VDOC's determination that plaintiff was ineligible for discretionary parole. K. Brown Aff. § 6, Enc. B; W. Brown Aff. ¶ 12, Enc. B. Thus, plaintiff's causes of action against the VPB and its director accrued on that date. Cox, 529 F.2d

at 50. Approximately eighteen (18) years passed until he filed this federal lawsuit in November, 2013. Accordingly, plaintiff's claims against defendants Muse and the VPB likewise are time-barred.

In his Response and Objection to Defendant's Motion for Summary Judgment, plaintiff argues that his action is not barred by any statute of limitations because he initiated it as the result of the denial of an appeal request he submitted to the VPB on August 30, 2013 being denied on September 18, 2013. Therefore, he argues, the claims should be deemed to have accrued when he received the VPB's decision denying his latest appeal request on September 18, 2013. Dkt. 18 at unnumbered p. 4. Attached to the Response as an exhibit is a letter from defendant Muse to Angela Whitley, Esquire, regarding plaintiff. In it, defendant stated:

> Dear Ms. Whitley:
>
> I am responding to your letter dated August 30, 2013 in reference to Christopher Richards' ineligibility status.
>
> Please be advised that Mr. Richards' case has been reviewed numerous times and the Board has upheld the Virginia Department of Corrections' ruling each time. I am enclosing copies of previous responses to Mr. Richards for your information.
>
> As previously stated, Parole Board policies and procedures provide one review unless significant information not previously considered by the Board is presented. Again, the request for reconsideration is denied and the original decision of the Board dated May 26, 1995 remains valid.

Dkt. 4, Ex. B.

As can be seen from the content of plaintiff's exhibit, his implicit argument that each requested review of his ineligibility status somehow revived the limitation period is without merit. The date on which plaintiff's cause of action for his parole ineligibility accrued when he

possessed sufficient facts that reasonable inquiry would reveal it. Nasim, 64 F.3d at 955. As discussed above, VDOC denied plaintiff parole eligibility on August 25, 1986, and he states in the complaint that he became aware of that fact in 1991. Plaintiff learned on June 5, 1995 that the VPB had upheld VDOC's decision. Indeed, in the letter denying plaintiff's appeal quoted above, he was again informed that "the original decision of the Board dated May 26, 1995 remains valid." Since the instant action was not filed until 2013, the claims presented are all untimely by a margin of many years. As defendants are entitled to summary judgment on that basis, it is unnecessary to consider their alternate arguments for relief.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted. An appropriate Order and Judgment shall issue.

Entered this 24th day of February 2015.

Claude M. Hilton
United States District Judge

Alexandria, Virginia